Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5940 | **DATE** | 3/1/2002 |
| **CASE TITLE** | DeBartolo vs. Wal-Mart Stores, Inc. et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 3/26/2002 at 9:45 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** The Wal-Mart Defendants' motion (Doc 18-1) to dismiss is granted in its entirety. The Walgreens Defendants' motion (Doc 22-1) to dismiss is granted in part and denied in part. Counts I, II, III, V and VI of DeBartolo's First Amended Complaint are dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 04 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
MAR 0 4 2002

| | |
|---|---|
| DR. HANSEL M. DeBARTOLO, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> WALMART STORES, INC., a Delaware, ) <br> corporation, WALMART, INC., ASSOCIATES ) <br> HEALTH AND WELFARE PLAN, ) <br> ADMINISTRATIVE COMMITTEE OF THE ) <br> WALMART ASSOCIATES HEALTH AND ) <br> WELFARE PLAN, WALGREENS CO., an ) <br> Illlinois coporation, WALGREENS MEDICAL ) <br> PLAN, and HEALTH CARE SERVICE ) <br> CORPORATION, ) <br> ) <br> Defendants. ) | 01 C 5940 |

## MEMORANDUM OPINION

This matter is before the court on the motions to dismiss pursuant to Rule 12(b)(6) of Defendants Wal-Mart Stores, Inc., Wal-Mart Stores, Inc. Associates' Health and Welfare Plan, Administrative Committee of the Wal-Mart Stores, Inc. Associates' Health and Welfare Plan (collectively the "Wal-Mart Defendants"), Walgreens Co., Walgreens Medical Plan (collectively the "Walgreens Defendants") and Health Care Service Corporation ("Health Care Service"). For the reasons set forth below, the Wal-Mart Defendants' motion is granted in its entirety, and the Walgreens Defendants' motion is granted in part and denied in part.



## BACKGROUND

Plaintiff Dr. Hansel M. DeBartolo ("DeBartolo") had filed an original complaint in this case on August 3, 2001. The Defendants subsequently moved to dismiss DeBartolo's original complaint as legally insufficient and this court granted their motions but granted DeBartolo leave to amend.

DeBartolo filed a First Amended Complaint on December 1, 2001. As with his original complaint, DeBartolo's First Amended Complaint is based on allegations that the Defendants did not pay him for services he provided to two patients – Erica Gregg ("Gregg") and Kimberly Carlson ("Carlson") – despite the fact that those patients assigned to him their rights under their respective employee benefit plans. Gregg was a participant of the Wal-Mart Plan and Carlson was a participant of the Walgreens Plan. DeBartolo now adds in his First Amended Complaint allegations that with regard to both Gregg and Carlson, he contacted Health Care Service for the purpose of verifying coverage and Health Care Service verified coverage as to both. Health Care Service is the ERISA designated plan administrator for both the Wal-Mart Plan and the Walgreens Plan. He further alleges that the Wal-Mart Defendants paid him directly for services he provided to Gregg for two years but stopped doing so in December 1997.

DeBartolo now sues the Wal-Mart Defendants, in Count I, and the Walgreens Defendants, in Count IV, for recovery of benefits under section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). In Counts II and III, DeBartolo brings state law claims of estoppel and

misrepresentation against the Wal-Mart Defendants. He brings the same state law claims against the Walgreens Defendants in Counts V and VI.[1]

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. Triad Assoc., Inc. v. Chicago Housing Auth., 892 F.2d 583, 586 (7th Cir. 1989). In ruling on a motion to dismiss, the court must first construe the complaint's allegations in the light most favorable to the plaintiff and all well-pleaded facts and allegations in the plaintiff's complaint must be taken as true. Bontkowski v. First Nat'l Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993). The allegations of a complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Hartford Fire Ins. Co. v. California, 509 U.S. 764 (1993); Sherwin Manor Nursing Ctr., Inc. v. McAuliffe, 37 F.3d 1216, 1219 (7th Cir. 1994). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir. 1992).

---

[1] Apparently due to a typographical error, Count VI of the First Amended Complaint is mislabeled as Count III.

In reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court is limited to the allegations contained in the pleadings themselves. Documents incorporated by reference into the pleadings and documents attached to the pleadings as exhibits are considered part of the pleadings for all purposes. Fed.R. Civ.P. 10(c). IN addition, "documents that a defendant attaches to a motion to dismiss are considered a part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." Venture Assoc. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993). With these principles in mind, the court turns to the instant motion.

## DISCUSSION

Defendants raise two primary arguments in support of their motions to dismiss DeBartolo's complaint. First, Defendants argue that DeBartolo's state law claims based on estoppel and misrepresentation are preempted by ERISA. Second, they argue that his complaint does not state a claim under 29 U.S.C. § 1132(a)(1)(B). The court addresses each argument in turn.

Both the Wal-Mart Defendants and the Walgreens Defendants argue that DeBartolo's state law claims are preempted because they are based on the alleged assignments of benefits he obtained from Gregg and Carlson and thus directly relate to each patients' Plan. The court agrees. In the Counts involving DeBartolo's state law claims, DeBartolo incorporates his allegations that both his patients assigned to him their rights and benefits under their respective Plans. He also seeks to recover the payments that are due under the Plans. Additionally, in support of his estoppel claims, he alleges

that the Defendants are estopped from refusing to comply with the alleged assignments. Thus, DeBartolo's state law claims are based on his alleged position as Gregg's and Carlson's assignee.

As their assignee, DeBartolo steps into the shoes of Gregg and Carlson and may enforce their rights under their respective Plans. When brought to recover benefits under a welfare plan, a participant's or beneficiary's – or their assignee's – state law claims of estoppel and misrepresentation are preempted by ERISA. Russo v. Health, Welfare & Pension Fund, Local 705, Int'l Bhd. of Teamsters, 984 F.2d 762 (7th Cir. 1993); Cromwell v. Equicor-Equitable HCA Corp., 944 F.2d 1272 (6th Cir. 1991); Hermann Hosp. v. MEBA Med. & Benefits Plan, 834 F.2d 1286 (5th Cir. 1988); Misic v. Bldg. Service Employees Health and Welfare Trust, 789 F.2d 1374, 1378079 (9th Cir. 1986); Brentwood Nursing & Rehabilitation Center, Inc. v. Cornelia James, 1989 U.S. Dist. LEXIS 10161, at *1 (N.D. Ill. Aug. 17, 1989); Integrated Health v. Commonwealth Edison, 1999 WL 1256255 (N.D. Ill. Dec. 20, 1999); Simon v. Allstate Employee Grp. Med. Plan, 2000 U.S. Dist. LEXIS 10414, at *1 (N.D. Ill. July 17, 2000); Response Oncology, Inc. v. The Metrahealth Ins. Co., 978 F. Supp. 1052 (S.D. FL. July 29, 1997). Accordingly, DeBartolo's state law claims are preempted by ERISA.

The cases DeBartolo cites in which courts found that state law claims brought by third party providers were not preempted by ERISA are not persuasive. In those cases, the plaintiffs were not suing as assignees enforcing an assignor's rights under a Plan. Rather, the providers were suing independently; the providers' lawsuits were based on separate legal obligations that had arisen between the providers and the defendants. See

e.g., In Home Health, Inc., v. The Prudential Ins. Co., 101 F.3d 600, 604 (8th Cir. 1996). DeBartolo's state law claims are based on the alleged assignments he received from Gregg and Carlson. As such, his state law claims of estoppel and misrepresentation fall squarely within ERISA's broad preemptive scope and must be dismissed.

Additionally, with regard to his estoppel claim, DeBartolo cannot be said to have alleged an estoppel claim under the federal common law that has developed around ERISA. He has not asserted as much, and his allegations do not sufficiently plead such a claim in any event. In Coker v. Trans World Airlines, Inc., 165 F.3d 579, 585 (7th Cir. 1999), the Seventh Circuit clarified that a federal common law claim of estoppel brought in the ERISA context has four elements: (1) a knowing misrepresentation; (2) made in writing; (3) with reasonable reliance on that misrepresentation by the plaintiff; (4) to her detriment. DeBartolo fails to allege the second element. We also note that, although the Seventh Circuit has applied estoppel in ERISA cases involving single-employer unfunded welfare plans, see e.g., Black v. TIC Investment Corp., 900 F.2d 112 (7th Cir. 1990), it has "expressed reservations about employing estoppel in other contexts." Gallegos v. Mt. Sinai Med. Ctr., 210 F.3d 803, 809 (7th Cir. 2000).

Having concluded that DeBartolo's state law claims are preempted by ERISA, the court now turns to Defendants' argument that DeBartolo fails to make out a claim for recovery of benefits under section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). With respect to the Wal-Mart Defendants, this court has already determined that DeBartolo cannot assert a claim under ERISA as Gregg's assignee because the Wal-Mart Plan contained an anti-assignment provision. DeBartolo attempts to circumvent our

conclusion by interpreting this court's prior decision on this matter as applying only to 29 U.S.C. § 1132(c)(1) because we addressed the issue in the context of assessing the sufficiency of his former claim under that provision. Our determination that DeBartolo lacks standing to sue under ERISA's information disclosure provision applies equally to the ERISA section DeBartolo currently asserts, 29 U.S.C. § 1132(a)(1)(B), and we refer DeBartolo to our prior opinion and the cases cited therein. Nothing DeBartolo alleges in his First Amended Complaint or argues in opposition to Wal-Mart's motion to dismiss changes this court's conclusion that DeBartolo does not have standing to sue under ERISA as Gregg's assignee. Accordingly, DeBartolo's claim for recovery of benefits under the Wal-Mart Plan is dismissed with prejudice.

With regard to the Walgreens Plan, just as was the case in the court's prior opinion, there is no evidence of any anti-assignment language. Accordingly, we assume for present purposes that DeBartolo has standing to sue as Carlson's assignee, and we assess whether DeBartolo has stated a claim to recover benefits under section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). We find that he has. DeBartolo alleges that the Walgreens Defendants did not provide certain benefits that Carlson was entitled to under the Walgreens Plan and that he, in turn, is now entitled to because of the alleged assignment he obtained from Carlson. The Walgreens Defendants argue that his allegations are insufficient in a number of ways, including that he does not have a valid assignment and that the Walgreens Plan already made the disputed payments to Carlson.[2]

---

[2] In arguing that the disputed payments were already made to Carlson, the Walgreens Defendants rely on allegations DeBartolo made in his original complaint but are absent from his First Amended Complaint. An amended complaint supersedes
(continued...)

These arguments, however, involve matters of proof and go beyond the purposes of this motion. For the purposes of this motion and looking at all the facts in a light most favorable to DeBartolo, we find that he has sufficiently alleged a claim for recovery of benefits under ERISA with respect to the Walgreens Plan. Whether he can ultimately establish his claim is a question for a later stage in this litigation.

Finally, the Walgreens Defendants argue that Walgreens Company should be dismissed from the case because DeBartolo may only recover benefits from the Plan. It well-settled that "'ERISA permits suits to recover benefits only against the Plan as an entity.'" Neuma, Inc. v. AMP, Inc., 259 F.3d 864, 872 n. 2 (7th Cir. 2001) (quoting Jass v. Prudential Health Care Plan, Inc., 88 F.3d 1482, 1490 (7th Cir. 1996)); see 29 U.S.C. § 1132(d)(2); Garratt v. Knowles, 245 F.3d 941, 949 (7th Cir. 2001). Accordingly, the Walgreens Company is dismissed from this case.

### CONCLUSION

For the foregoing reasons, Counts I, II, III, V, and VI, of DeBartolo's First Amended Complaint are dismissed.

Charles P. Kocoras
United States District Judge

Dated: MAR - 1 2002

---

[2](...continued)
an original complaint and the allegations in a plaintiff's original complaint cannot be used to dismiss the plaintiff's amended complaint. Kelley v. Crosfield Catalysts, 135 F.3d 1202, 1204 (7th Cir. 1998); Prymer v. Ogden, 29 F.3d 1208, 1215 n. 6 (7th Cir. 1994); Schmidt v. Nissan Motor Acceptance Corp., 104 F. Supp.2d 955 (N.D. Ill. 2000); Smith v. Campagna, 1996 WL 364770, at *2 (N.D. Ill. June 26, 1996); Turner-El v. Illinois Bd. of Educ., 1996 WL 480341 (N.D. Ill. Aug. 21, 1996).